UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | * * * | MDL No. 13-2441 (DWF/FLN) |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JULIE BROWN<br>    Plaintiff | * * * * | CIVIL ACTION<br><br>NO. _____ |
| VERSUS | * * * | SECTION: _____ |
| HOWMEDICA OSTEONICS d/b/a<br>   STRYKER ORTHOPAEDICS,<br>STRYKER CORP.,<br>STRYKER SALES CORPORATION and<br>STRYKER IRELAND LIMITED,<br>    Defendants | * * * * * * * | MAG: _____<br><br>JURY DEMAND |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

# COMPLAINT

1.  Plaintiff, Julie Brown, states and brings this civil action that will be transferred into MDL No. 2441, entitled *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order No. 10 dated January 23, 2014.

**PARTIES, JURISDICTION AND VENUE**

2.  Plaintiff, Julie Brown, is a resident and citizen of the Parish of St. Tammany, State of Louisiana and claims damages as set forth below.

3. Made defendants herein are foreign corporations with minimum contacts within this jurisdiction sufficient to warrant proper venue and subject matter as well as personal jurisdiction, namely:

   a. HOWMEDICA OSTEONICS d/b/a STRYKER ORTHOPAEDICS,

   b. STRYKER CORP.,

   c. STRYKER SALES CORPORATION, and

   d. STRYKER IRELAND, LTD.

4. Jurisdiction exists under the diversity jurisdiction of this Honorable Court.

5. Venue of this case is appropriate in the United States District Court, Eastern District of Louisiana.  Plaintiff states she is directly filing this complaint with said district court and asserts that it will be transferred into the United States District Court, District of Minnesota pursuant to Pretrial Order No. 4.  Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court in the Eastern District of Louisiana.

6. Plaintiff brings this action on behalf of herself.

## FACTUAL ALLEGATIONS

7. Plaintiff was implanted with a Stryker Rejuvenate prosthesis in her right hip around August 2010 at the St. Tammany Parish Hospital in Covington, Louisiana by Dr. Roc Hontas.

8. In early 2015, the Plaintiff came under the care of Dr. Roderick Chandler for hip related symptoms.

9. Dr. Chandler related the symptoms to the Stryker hip implant.

10. Dr. Chandler recommended replacement of the hip implant.

11. Dr. Roderick Chandler informed Stryker of the Plaintiff's condition.

12. Stryker has paid for Dr. Chandler's office visits.

13. Dr. Chandler is in the process of getting approval for the surgery from Stryker.

14. Dr. Chandler has scheduled the surgery for August 6, 2015.

15. The Plaintiff has been led to believe that Stryker is going to pay for the surgery.

16. The plaintiff intends on proceeding with the surgical procedure as soon as possible at Lakeview Regional Medical Center by Dr. Chandler.

## ALLEGATIONS AS TO INJURIES

17. Plaintiff claims damages as a result of injury to herself and economic loss.

18. Plaintiff has suffered injuries as a result of implantation of the device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

19. Plaintiff has suffered injuries as a result of the defective and dangerous nature, manufacture and sale of the device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

20. Plaintiff will suffer additional injuries and damages as a result of the upcoming removal of the device.

21. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

22. Plaintiff could not have known that the injuries she suffered were as result of a defect in the Device at issue until after the date the Device was recalled from the market and the Plaintiff came to learn of the recall and the connection between same and her injuries.

23. In addition, Plaintiff could not have known that she was injured by excessive levels of chromium and cobalt or other metals and/or toxins attributable to a defect in the Device at issue nor could she have known that the pain and discomfort and other symptoms he experienced were related to and caused by said defective Device.

### CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

24. All of the following claims and allegations contained in related matters consolidated herewith and contained in master complaints are asserted by Plaintiff and are herein adopted by reference:

    a. COUNT I: NEGLIGENCE;

    b. COUNT II: NEGLIGENCE PER SE;

    c. COUNT III: STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    d. COUNT IV: STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    e. COUNT V: STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

    f. COUNT VI: BREACH OF EXPRESS WARRANTY;

    g. COUNT VII: BREACH OF WARRANTY AS TO MERCHANTABILITY;

    h. COUNT VIII: BREACH OF IMPLIED WARRANTIES;

    i.      COUNT IX:   VIOLATION OF MINNESOTA DECEPTIVE ACTS AND PRACTICES, UNFAIR TRADE PRACTICES, CONSUMER PROTECTION, MERCHANDISING PRACTICES AND FALSE ADVERTISING ACTS

    j.      COUNT X:   VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

    k.      COUNT XI:   NEGLIGENT MISREPRESENTATION

    l.      COUNT XIII:  UNJUST ENRICHMENT

In addition to the above, Plaintiff asserts the following additional causes of action under the Louisiana's Product Liability Act and any other applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;
2. For all applicable statutory damages of the state whose laws will govern this action;
3. For an award of attorneys' fees and costs;
4. For prejudgment interest and costs of suit;
5. For restitution and disgorgement of profits; and,
6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Date: July 24, 2015

        RESPECTFULLY SUBMITTED,

        /s/ *James E. Cazalot, Jr.*
James E. Cazalot, Jr. Bar #17510
**JAMES E. CAZALOT, JR., APLC**
550 Old Spanish Trail, Suite H
Slidell, LA 70458
Tel: (985) 792-5220
Fax: (504) 613-6690
jim@cazalotlaw.com

Bruce M. Danner, Bar #04496
BRUCE M. DANNER, LLC
209 Highway 22 West, Suite G
Madisonville LA  70447
Tel: (985) 792-5220
Fax: (985) 792-4889
bmd@brucemdannerlaw.com

**PLEASE SERVE:**

HOWMEDICA OSTEONICS d/b/a SSTRYKER ORTHOPAEDICS,

STRYKER CORP.,

STRYKER SALES CORPORATION

STRYKER IRELAND LIMITED